# CLARK, Libt., *vs.* CLARK.

The general rule is, that a divorce will not be granted where the parties at the time the alleged cause of divorce arose resided without the jurisdiction of the court.

Thus, where a husband came into this state and committed adultery, his domicil being then and for some time after in the state of Vermont, and afterwards deserted his wife, who thereupon came to reside in this state, after which he removed here also—upon the application of the wife, setting forth the adultery, the court refused to decree a divorce.

LIBEL for a divorce, for the cause of adultery. It appeared that the parties were married in Bath, in this state, but the husband was at the time an inhabitant of Vermont. In 1831, while the parties resided there, the husband came into this state and committed adultery. In 1832 he deserted his wife, and she then returned to her friends in Lisbon, in this state. In 1833 he came to reside in Bristol.

*By the Court.* PARKER, J. The crime of which the libellant complains was committed in this state, and the courts here had jurisdiction of it as such, and it might have been punished as an offence against our laws; but we could not then have taken cognizance of it as a ground for a divorce. The parties to this application were then domiciled in Vermont, and the courts of that state had then, and so long after as the husband resided there, exclusive jurisdiction of the subject matter of a divorce between them. It is true that the parties were married in this state; but this was doubtless in contemplation of a residence in the state of Vermont, for the husband at that time was an inhabitant of that state. No stress, however, is laid upon their views at that time. They actually became domiciled in Vermont, and we have never had regard to the place of the marriage, nor to the place where the act alleged as the cause of the

divorce was committed, but have required proof that the domicil of the parties was in this state at the time the cause for the divorce is alleged to have accrued, as an essential prerequisite to sustain the application.    5 *N. H. Rep.* 476, *White* vs. *White;* 3 *Mass.* 158, *Hopkins* vs. *Hopkins;* 6 *Mass.* 263, *Carter* vs. *Carter;* 14 *Mass. Rep.* 227, *Hanover* vs. *Turner;* 15 *Johns.* 121, *Borden* vs. *Fitch.* Similar opinions seem to have been held in Scotland and France. *Story's Conflict of Laws,* 173, 177, 182.

Whether it could have made any difference had it been shown that the wife had no knowledge of the fact until after the husband removed into this state, we have not considered. Should a husband, after committing adultery while domiciled in one state, where that furnished sufficient cause of divorce, remove with his wife into another state, where a similar law existed, before the fact was known to her, it would certainly present a case of hardship if she was by such removal precluded from availing herself of the fact in either state; but in which she would be entitled to apply, if in either, is a question of some difficulty, and one which we need not discuss at the present time.