## FRARY, libt., *vs.* FRARY.

Where a marriage was had in this state, and the parties resided here, and then removed to New-York, where the husband deserted the wife, leaving her without the means of support, whereupon she returned to this state; and he, during the time she so resided here, committed adultery in Vermont—*Held*, that the marriage having been contracted here, and the wife lawfully residing here, this court had jurisdiction of her application for a divorce.

LIBEL for a divorce. It appeared that the parties were married at Hancock, in this county, and resided here for some time subsequently—that they afterwards removed to New-York, where the husband deserted the wife, leaving her without the means of support—that she thereupon returned to her friends in this state, and the husband afterwards came here, although it did not appear that he remained here any considerable period. He afterwards went to Vermont, and there committed adultery; and the wife, who continued to reside in this state, filed this bill, alleging the adultery as the cause for a divorce.

*Wilson,* for the libellant.

PARKER, C. J. In *Clark* vs. *Clark,* 8 *N. H. Rep.* 21, we

decided that we could not grant a divorce for the adultery of the husband committed while the parties had their domicil in Vermont, notwithstanding the marriage took place in this state, and the husband came here and committed the offence. In such case, by the general rule, the jurisdiction of the matter of divorce does not attach to the place of the marriage, or to the place where the adultery was actually committed, but to the place of the domicil ; and both husband and wife were, in that case, legal residents in Vermont at the time the alleged cause of divorce accrued.

But in this case the libellant, at the time of the adultery of the husband, was actually and properly a resident in this state, and had been so for a considerable period. Prior to her marriage she was an inhabitant of this state ; the marriage was contracted here ; and the parties afterwards resided here. They subsequently removed to New-York, and had their domicil there ; but when the husband deserted the wife, leaving her without adequate provision for her support, she had the right to return to her friends here, and to provide for her own maintenance. After her return under such circumstances, having lawfully come to reside here, she was entitled to the protection of our laws ; and a violation of the marriage covenant having subsequently occurred, she, as a legal inhabitant, may well appeal to those laws for redress.

We have no doubt, under these circumstances, that we have jurisdiction to dissolve the marriage, which was contracted here, notwithstanding the parties afterwards had their domicil in New-York ; because, after the desertion of the husband there, and the lawful return of the wife here, her residence in that state was terminated.

We lay out of the case the fact, appearing in the evidence, that the husband after her return came here also. It does not appear that he remained here, nor that he had any domicil in Vermont, where the adultery was committed. So far as the evidence goes, it shows him to be a transient person. If, however, it had appeared that subsequent to his desertion,

Frary *v*. Frary.

and her return here, he had his domicil in Vermont, it may well be doubted if that could alter the case. He never attempted to re-assume his marital duties after his desertion in New-York.

Whether a wife, married as well as deserted in another state, might thereupon come to reside here, and avail herself of our laws to obtain a divorce for an offence of the husband committed out of this state, subsequent to the time she came here, is a question which may deserve consideration when a case of that character presents itself.

*Divorce decreed.*