## GREENLAW *vs.* GREENLAW.

A libel for a divorce should set forth the place of the marriage.  If it took place
in this state, and the parties are described as being resident here, no further
allegation of residence is necessary.  If the parties were married elsewhere, a
subsequent residence of the libellant in this state, at the time the cause of
divorce occurred, must be averred.

This court has no jurisdiction over causes of divorce which arose while the parties
had their domicil in another state.

The statute of December 24th, 1840, providing that divorces shall be decreed in
favor of the innocent party, when the other shall be convicted of a felony and
actually imprisoned for the same, does not authorize a divorce where the party
was convicted and imprisoned before the passage of the act.

LIBEL for a divorce.  The libellant, Lucy P. Greenlaw,
was described as of Exeter, in this county, and the libel set
forth that on the 18th day of July, 1838, she was lawfully
married to John B. Greenlaw—that said John soon after
removed to Boston, Massachusetts, where, in the month of

April, he committed a felony, and was thereof convicted in the municipal court in Boston, and has ever since been actually imprisoned for the same.

The evidence offered supported these allegations. The marriage took place in Portland, Maine. The conviction was at the May term of the municipal court, 1839.

*F. O. J. Smith,* (with whom was *Hackett,*) for the libellant, furnished an argument contending for the following positions :

1. That the letter and intention of the statute of December 24, 1840, have express relation to all cases that shall, after the date of the statute, be found to consist, at the time of making complaint by the innocent party, of a conviction and actual imprisonment for felony, and without regard to the time when such conviction began to run against the party, or to the time when such actual imprisonment commenced, and without regard to the duration of either, antecedently, or subsequently, to the complaint ; and that proof of an actual, existing separation of the parties, by an actual and operating conviction and imprisonment for felony, is all that is contemplated or required by the statute.

2. That the reason of the statute is to be found in the practical dissolution of the marriage contract, which such existent conviction and actual imprisonment of one party are causing at the time of the complaint of the innocent party ; also, in the necessity thus operating for a legalization to the innocent party of such practical dissolution of the marriage contract.

3. That the libellant's case is within the letter, intention and reason of the statute, without imputing a retrospective operation to either—it being for an actual conviction, and imprisonment for felony, of the other party, each operating and being in full force at the time of the filing of the libellant's complaint, and each being still in force and operation.

4. That without recourse to the construction of the statute

above cited, the statute in question, whether prospective or retrospective in its operation when applied to the libellant's case, is not within the meaning of the prohibition of the constitution of the state against retrospective laws, nor of the prohibition of the constitution of the United States, which prohibits each state from passing any " law impairing the obligation of contracts." This latter provision is but another phraseology for prohibiting the passing of retrospective laws.

PARKER, C. J. The libel in this case is defective. It does not state the place of the marriage. It does not appear from it that the parties were married in this state, or that they ever came to reside here. There is nothing in it to show that this court has jurisdiction. The libellant is described as of Exeter, but this is not enough. *Smith* vs. *Smith, Ante* 80.

Where the parties are described as residents of this state, and the marriage is alleged to have taken place here, we have not required an express allegation that they continued to reside here afterwards, but have considered it sufficient if the evidence proved a domicil here at the time when the cause of divorce accrued. But where the marriage is alleged to have taken place out of the jurisdiction, we have required an express averment that the parties, or the libellant, came to reside in this state, with an allegation of the time when the removal took place.

Nor is there any evidence, in the case, to show that we have jurisdiction. It appears that the marriage took place in the state of Maine, in July, 1838, and there is no evidence furnished that either of the parties ever resided in this state. The husband was convicted of a crime, in Massachusetts, in the May following. If, as seems probable from these facts, he never had any domicil in this state, the libellant could not come here, bringing with her a cause of divorce over which this court had jurisdiction. If at the time of

the conviction and imprisonment of the husband, the domicil of the parties was in Maine, and the facts furnished no cause for a divorce there, she could not come here and allege these matters, which had already occurred, as a ground for a divorce under the laws of this state. 8 *N. H. Rep.* 21, *Clark* vs. *Clark ; Frary* vs. *Frary,* (10 *N. H. Rep.* 61.) Should she, under such circumstances, obtain a decree of divorce here, it must be regarded as a mere nullity elsewhere.

But if the marriage had taken place in this state, and the legal residence of the parties had remained here, the case furnishes no cause for a divorce under our statute. The conviction and imprisonment of the husband took place long before the passage of the statute of December 24th, 1840, which is relied upon as the foundation of the application. The case is settled, therefore, by the opinion delivered in *Clark* vs. *Clark, Strafford, Dec. T.,* 1840, (10 *N. H. Rep.* 380.) In fact this is a stronger case than that, for the clause of the statute now in question is, "that divorces from the bonds of matrimony shall be decreed in favor of the innocent party, when the other *shall be* convicted of a felony, and actually imprisoned for the same." If the legislature might authorize divorces for matters, which, at the time they occurred, furnished no ground for a dissolution of the marriage, we should pause before giving to this statute a construction which would make it relate back and apply to convictions which took place before the passage of the act. But it is not necessary for us to consider that, as we are satisfied that acts of this character ought not to have a retrospective operation, even if the words admit of it.

It has been argued, that the conviction and imprisonment, existing at the time of the complaint, are in fact the ground of the divorce prayed for ; and that it may be granted, therefore, without giving to the statute a retrospective operation. But the same conviction and imprisonment existed before the passage of the act. At the time of its passage the libellee

could not recal the one, nor avoid the continuance of the other ; and a construction of the statute which should convert this existent matter into a cause of divorce, when its origin furnished no ground for a dissolution of the marriage, and its continuance was without the volition of the party, would be, in effect, to give the statute a retrospective operation.    We are satisfied that such is not the true construction of the act.

*Libel dismissed.*