## KIMBALL, Libt., *vs.* KIMBALL.

A libel for a divorce, on account of abandonment and refusal to cohabit, should contain an allegation, in some form, that the abandonment and refusal continue up to the filing of the libel. But there is no particular form necessary, and an allegation that the libellee still refuses to cohabit, if there be no date to the libel, or if it bear date of the day when it is filed, is sufficient.

There may be cases of desertion, where the cause of desertion is of such a character that no divorce will be granted. In applications for that cause, there must be evidence of the particular circumstances which preceded and accompanied the desertion, in order that the court may judge whether the case is within the statute. And the account of the libellant must either be corroborated by other testimony; or, if no other persons have knowledge respecting the facts of the case, there must be evidence that the libellant sustains a good general character, in order to fortify the statements of the party, and to rebut any supposition that the desertion was occasioned by his or her misconduct.

Where the parties resided in another state at the time of the desertion, it must be shown at what time, and under what circumstances, the libellant removed to this state, that it may appear whether the court here has jurisdiction of the case.

LIBEL, for a divorce, describing the libellant as of Graf-

---
Kimball *v.* Kimball.
---

ton, in this county, and alleging that the parties were married at Seabrook, in the county of Rockingham, on the 27th of May, 1835, and that on the 22d day of March, 1839, the respondent unnecessarily, without sufficient cause, and against the consent of the said libellant, left him, and has from that time to the present refused, and still does refuse, to live or cohabit with him.

The libel was dated on the 30th of April, 1842, but was not filed in the clerk's office until the 14th of May following.

Personal service was made on the libellee, in Massachusetts.

The facts, which appeared in evidence, are stated in the opinion of the court.

*Kittredge,* for the libellant.

PARKER, C. J. The statute of June 19, 1840, provides that if any husband or wife has, before the passage of the act, unnecessarily, without sufficient cause, and against the consent of the other, abandoned the other, and refused for any space of time to cohabit, &c., and shall, after the passage of the act, continue so to abandon and refuse to cohabit with the other, for such space of time, not less than three months, as that said abandonment and refusal shall have continued for the space of three years together, such abandonment and refusal shall be deemed and taken to be a *sufficient* cause of divorce from the bonds of matrimony. Provided, however, that no divorce shall be decreed for the cause aforesaid, unless such cause shall continue to exist at the time of filing the petition for such divorce.

In all applications for divorce it is necessary that the cause upon which the party relies should be sufficiently set forth in the libel ; and, under this statute, we have repeatedly held that a libel for a divorce, on account of abandonment and refusal to cohabit, should contain an allegation, in some form, that the refusal continues up to the filing of the libel. There is no particular form for this. An allegation that the libellee

still refuses so to cohabit, if there be no date to the libel, or if it bear date of the day when it is filed, is sufficient. But in this case the libel bears date of a day anterior to the date when it was filed in the clerk's office. The allegation is, that the libellee still does refuse to cohabit with the libellant; but this cannot be considered as extending beyond the date affixed to the libel. It does not relate to the filing. It contains, therefore, merely an allegation that the party refused up to the 30th of April. But the libel was not filed for some time afterwards.

As the libel may be amended by striking out the date, and a new order of notice issued, we have examined the evidence furnished.

The affidavit of the libellant states that the libellee left him on or about the 22d of March, 1839, without his knowledge or consent, and has refused from that time to the time when it was taken, to live or cohabit with him. This is not sufficient.

The statute devolves upon the court the duty of finding that the desertion was not only against the consent of the other party, but that it was unnecessary, and without sufficient cause. There may be very few cases in which desertion by a wife or husband, and refusal to cohabit, are upon a sufficient cause. But the legislature, by the terms of the act, evidently contemplated that there may be cases of desertion where the cause is of such a character that no divorce is to be granted. We have already decided that where a husband horse-whipped his wife two or three times, her leaving him furnished him no cause for a divorce under this statute, notwithstanding her conduct could not be justified. *Poor* vs. *Poor, Rockingham, Dec. term,* 1841.

We must have evidence of the particulars which preceded and accompanied the desertion, in order that we may judge whether the case comes within the statute. A detail of the circumstances which led to it must appear in the affidavit of the libellant, or there must be a statement of a want of

knowledge of any reasons why it happened, and the account of the libellant must either be corroborated by other testimony, or, if no other persons have knowledge respecting the facts of the case, there must be evidence that the libellant sustains a good general character, in order to fortify the statements of the party, and to rebut any supposition that the desertion was occasioned by his or her misconduct. If the libel in this case were sufficient, the evidence is deficient in these particulars.

But there is another difficulty in this case. It appears from the evidence, that after the marriage the parties lived in Massachusetts, and, for aught which appears, the libellant was a citizen of that state at the time of the marriage. They resided there at the time of the desertion, and the wife is still a resident of that state. At what time, or under what circumstances, the libellant removed to this state does not appear.

We have decided that a woman who belonged to this state, and who, after marriage, removed to another state, and was there deserted by her husband, might well return to her friends here, having no home elsewhere ; and that if the desertion continued for three years after a return under such circumstances, a cause of divorce accrued here, of which we have jurisdiction the same as if the original desertion had taken place while the parties were residing here. 10 *N. H. Rep.* 61, *Frary* vs. *Frary.*

But the case of this libellant is not of that character, and we have already settled that citizens of other states cannot come here, bringing with them causes of divorce over which this court has jurisdiction. (12 *N. H. Rep.* 202, *Greenlaw* vs. *Greenlaw ; Ditto* 80, *Smith* vs. *Smith ;*) 8 *N. H. Rep.* 21, *Clark* vs. *Clark.*