## BATCHELDER *vs.* BATCHELDER.

A libel for divorce from a marriage contracted without this state, must aver specially a residence within this state prior to the time when the cause of divorce arose.

To sustain a libel for divorce on account of habitual drunkenness, it must be shewn that the libellant had a legal domicil in this state for the whole of the three years during which the drunkenness existed.

Testimony in general terms, that the libellee is an habitual drunkard, is insufficient to maintain a libel for that cause. The facts should be given in detail, that the court may judge whether or not they amount to habitual drunkenness.

LIBEL for a divorce, alleging that the husband (the libellee,) is and has been for more than three years past an habitual drunkard. The libel stated that the parties were married at Lowell, in Massachusetts, on the 21st day of July, 1833, but did not set forth any time as that at which they came to reside in New-Hampshire. They were, however, described in the libel as of the town and county of Hillsborough.

One witness testified that the parties came to reside in Hillsborough in August, 1841, but there was no other evidence of a change of residence from Lowell.

Batchelder *v.* Batchelder.

As to the fact of the alleged habitual drunkenness, the facts were stated to some extent in the libel; but the evidence in the case went no farther than that several witnesses swore in general terms *that he is an habitual drunkard, grossly so, one of the most beastly that they ever knew.*

PARKER, C. J. The libel is insufficient. It appears on the face of it that the marriage was without this state, and yet it contains no averment that the parties were residents, or ever came to reside in this state. The general description of the parties, as of a certain town and county within this state, does not supply the want of a direct averment, and would not sustain our jurisdiction. 12 *N. H. Rep.* 80, *Smith* vs. *Smith;* 12 *N. H. Rep.* 200, 202, *Greenlaw* vs. *Greenlaw;* 13 *N. H. Rep.* 222, 225, *Kimball* vs. *Kimball.* One of the witnesses testified that the parties came to reside in Hillsborough in the month of August, 1841. The alleged cause of divorce is three years habitual drunkenness. We have uniformly held that the parties must have been inhabitants of this state at the time when the cause of divorce arose. See the cases above cited, and 8 *N. H. Rep.* 21, *Clark* vs. *Clark; Ditto* 161, *Fellows* vs. *Fellows;* 10 *N. H. Rep.* 61, *Frary* vs. *Frary.* It is not sufficient that they were resident here when the cause of divorce became complete. If, therefore, the parties removed from Massachusetts to Hillsborough in August, 1841, three years of habitual drunkenness have not elapsed, and so no cause of divorce accrued since they became residents in this state.

A rule similar to that laid down by this court in *Frary* vs. *Frary,* above cited, in cases of desertion, holds also in cases of habitual drunkenness for three years together, viz.: that there must have been a legal domicil within this state during the whole period fixed by the statute as establishing a cause of divorce.

The proof is also insufficient as to the fact of drunkenness. The witnesses testify in strong general terms that the

libellee is an habitual drunkard; but this is not enough. They should have given the particular facts and instances of drunkenness, and left it to the court to judge whether or not they amounted to habitual drunkenness.