---
Frost *v.* Frost.
---

## FROST *v.* FROST.

A divorce will not be decreed for an offence committed while the parties resided without the jurisdiction of the court.

If a wife leave her husband in the State of their domicil, and come into this, his omission to join her is not voluntarily absenting himself, within the meaning of the Revised Statutes, chapter 148, section 3.

LIBEL FOR DIVORCE. The parties were married in the county of Lincoln, in the State of Maine, in 1825, and, having resided there a few years, removed to Acton, in the county of York, in the same State, where they resided till within about eight years before the filing of the libel, when the libellant left the house of her husband, and removed to Somersworth, in this State, where she has since resided and still resides.

It appeared that for some time before the libellant left her husband's residence, he had made but insufficient provision for the reasonable wants of the libellant and the children of the marriage, of whom there were four, and that she was induced, by the inadequacy of the support

which she received at his hands, to remove to Somersworth, where she has since provided for herself and the four children by her own and their labor.

It also appeared, that from the time she began to live at Somersworth the libellee had made no provision whatever for the support of any one of the family, and had not visited the libellant more than once, when he remained only an hour or two. He resided in this State when the libel was filed, and notice was served on him here.

*Jordan & James*, for the libellant.

WOODS, J. A wife may sue for and obtain a divorce, " when her husband shall willingly have absented himself from her for the space of three years together, without making suitable provision for her support and maintenance." Rev. Stat., chap. 148, sec. 3.

But this court has not jurisdiction of the cause, unless it appear that the offence was committed while the parties were domiciled within the State. If the desertion took place in another jurisdiction, the injured party must seek redress under its laws, and cannot, by coming within this State, take advantage of ours. The libel does not state that the offence was committed in this State, or, what is the same thing, that the parties were domiciled here at the moment of its inception; and the evidence shows clearly the contrary. It clearly appears that there has been no desertion here, for the parties have never resided together in this State, nor has the husband placed the libellant here. The court has therefore no jurisdiction in the case. *Clark* v. *Clark*, 8 N. H. Rep. 21.

It appears, furthermore, that the wife voluntarily left her husband, and removed into this State. There is no evidence of his having deserted her at all. The law which assigns the voluntary absence of the husband for

the time and under the circumstances indicated as a cause of divorce, must not be so construed as to require him to follow her to such places as she may for any cause see fit to go, in order to escape the imputation of voluntary absence.   The husband must willingly absent himself; and this means, that he must withdraw from his wife, or, being absent from the place where he has placed her, as a residence, must voluntarily continue absent for the time indicated, and the withdrawal must take place within this State.

. In this case, whatever cause might have been afforded the libellant for forsaking the residence and the person of her husband, the evidence is clear that the abandonment was by herself, and not by the libellee, and not within this jurisdiction.

*Libel dismissed.*