ELIZABETH MERRILL, petitioner,

*v.*

GEORGE H. MERRILL, JR., defendant.

[Decided March 3d, 1924.]

1. Where an action for divorce for desertion is dismissed the time consumed cannot ordinarily be reckoned in a second suit as part of the statutory period, since the law sanctions the parties living apart during the pendency of the suit.

2. Where an action for divorce for desertion was improvidently brought, but not brought in bad faith, the statutory period did not run during the time of its pendency.

3. A dismissal of a suit "without prejudice" means nothing more than that it may be brought again.

On petition for divorce. On exception to master's report.

*Mr. Joseph H. Bloom,* for the exceptant.

BACKES, V. C.

The petition was filed September 26th, 1922, and alleges willful, continued and obstinate desertion from August 6th, 1920. Previously, on March 18th, 1921, the petitioner filed a petition for divorce. That suit was not dismissed until September 22d, 1922, and the master advised against a divorce. The petitioner's counsel recognizes the rule that the time consumed by another action cannot ordinarily be reckoned as part of the statutory period, since the law sanctions the parties living apart during the pendency of the suit and does not regard the separation during that time to be willful and obstinate. *Barbour v. Barbour, 94 N. J. Eq.* 7. But he contends that the rule should not be applied in this case because the former suit was not brought in good faith, and he cites *Harlpence v. Harlpence, 121 Atl. Rep. 513.* The former petition, filed March 18th, 1921, alleged

that the desertion began January 2d, 1919. This, counsel says, was a mistake, which he discovered shortly before he dismissed the suit, and which, with the consent of defendant's solicitor, he sought to have dismissed "without prejudice," but which the court would not allow. The action was improvidently brought; but I fail to see that it was not brought in good faith. It was brought by the present petitioner and, on its face, for legal cause, and, obviously, during that time the statutory period did not run. Counsel is of the impression that because the defendant's solicitor consented to the dismissal of the prior suit, "without prejudice" it indicated that notwithstanding its pendency the defendant persisted in the desertion, willfully and obstinately. I am unable to draw that inference, even if the inference would aid him, which I doubt. A dismissal of a suit "without prejudice" means nothing more than that it may be brought again.

Exception overruled.