## VILLARREAL v. VILLARREAL.

### No. 10174.

Court of Civil Appeals of Texas.

Austin.

Dec. 2, 1953.

John Noyola, Laredo, for appellant.

Leopoldo Villegas, Laredo, for appellee.

HUGHES, Justice.

This is a divorce suit brought by appellee, Julio Villarreal, against his wife, Elodia H. Villarreal, who appeals from a judgment granting a divorce to appellee.

Appellee has filed no brief in this Court.

Appellee's sole grounds for divorce are contained in the following allegations of his Original Petition:

"That, without cause or provocation whatever Defendant, on or about the month of December 1949, in a fit of madness threw Plaintiff out of the home, with the intentions of seperating and living apart from him, and has continued so to live up to the filing of this petition.

"That since the month of December A.D., 1949, Plaintiff and Defendant have not lived together as husband and wife thereby permanently abandoning Plaintiff, and thereby constituting the three years abandonment under the third year statutes of abandonment."

The following Special Issue and instruction were submitted to the jury:

"Do you find from a preponderance of the evidence that the defendant, Elodia H. Villarreal, for three years prior to the institution of this suit, on, to wit, the 26th day of January, 1953, leave the plaintiff, Julio Villarreal, with the intention of abandonment?

"In connection with this issue you are instructed that in order to constitute abandonment, it must appear that the parties ceased to cohabit together as man and wife; that such separation was brought about by the conduct of the defendant, that is to say, that she was guilty of such conduct that you would be justified in finding that she was at fault and to blame for the separation.

"Answer 'Yes' or 'No.' "

The Special Issue was answered "Yes".

820

Assuming but not deciding that the pleadings and jury finding are sufficient to authorize a divorce under Subd. (2), Art. 4629, V.A.C.S., providing that a divorce may be decreed the husband where the wife "shall have voluntarily left his bed and board for the space of three years with the intention of abandonment" we are, nevertheless, of the opinion that appellee failed to make out his case by full and satisfactory evidence. Art. 4632, V.A.C.S.

In order to successfully invoke the statutory ground for divorce relied upon here it must be proved that the plaintiff neither caused, procured, nor consented to the separation. Bain v. Bain, Tex.Civ.App., Beaumont, 252 S.W. 252.

The record in this case shows that the parties were first married in 1927 and divorced in 1945 or 1946 and remarried in 1947. The separation upon which appellee depends commenced in 1949 when appellant had an officer of the law remove appellee from the premises where the parties resided. Concerning this incident appellee testified:

"Q. You said that your wife sent the police out to your home to put you out of the house, didn't you? A. This last time she was not there at the time when I was there. She left the house and then later called Rufino to ask me to leave the house.

"Q. For what reason? A. For the same reason. She claimed that I was drunk and that we were quarrelling all the time.

"Q. Well, is that true? A. Yes, sir. I did drink."

Other testimony of appellee is to the effect that the quarreling between him and his wife was all due to his excessive and frequent drinking of intoxicants. There is no evidence that appellant was at fault in any respect.

Appellant testified that she still loved her husband, that her home was open to him and that she had never refused him entrance there. When asked if she had talked with her husband and tried to persuade him to come home she replied: "I never could see him alone. I would always see him with this other woman." Appellee did not deny association with the woman to whom appellant referred.

It is our opinion that the trial court should have denied appellee a divorce. Accordingly we reverse the judgment appealed from and render judgment denying appellee a divorce.