Agnes V. McGINLEY, Appellant,

v.

Robert E. McGINLEY, Appellee.

No. 13052.

Court of Civil Appeals of Texas.

Galveston.

Nov. 15, 1956.

**914**

John P. Spiller, Houston, for appellant.

H. J. Bernard, Houston, for appellee.

GANNON, Justice.

This is a divorce case. Agnes V. McGinley, who was defendant below, appeals from a judgment decreeing a divorce on the petition of the husband. The single ground for divorce alleged in the husband's petition is based on Subd. 4 of Article 4629, Vernon's Ann.Civ.Tex.St., as amended by the Acts of 1953, 53rd Leg., page 366, ch. 91, sec. 1. The statute, as amended, provides: "A divorce may be decreed in the following cases:

\* \* \* \* \* \*

"(4) Where a husband and wife have lived apart without cohabitation for as long as seven (7) years."

Appellant does not dispute the sufficiency of the evidence to support the implied fact finding upon which the decree necessarily rests, that prior to the date of the decree the parties had lived apart without cohabitation for as long as seven years.

The appeal is based on the following contentions:

(a) The 1953 amendment of Sec. 4 of Article 4629, reducing from ten to seven years the required period of separation of the parties, where living apart alone is relied on for divorce, was not intended by the Legislature to operate retrospectively; and, since it is undisputed that the parties were not separated for as long as seven years after the effective date, May 1, 1953, of the amended statute, there is no legal basis for the judgment of divorce.

(b) In computing the period of separation required by Sec. 4 of Article 4629, as amended, the trial court erred in including time elapsing during the pendency of several divorce actions between the parties, the time so elapsing being necessary to the court's finding that the parties had lived apart for as long as seven years.

(c) Appellee's right to the divorce on the grounds granted was barred on principles of res adjudicata by a prior judgment rendered March 22, 1954, in a former suit denying appellee a divorce on the ground of seven years separation.

The record reveals that the parties were married in 1921 and that they lived togeth-

er until either during Christmas week of 1946, as testified by appellee, or in April of 1947, as contended in a previous divorce suit by appellant. Immediately after the separation appellee filed suit for divorce on grounds not disclosed. The case was tried in 1948 and the divorce was denied. Subsequent to this first action appellee filed suit, a second suit, for divorce in Harris County. The suit took No. 401,382. In that suit the sole ground relied on for divorce was seven years separation. Suit No. 401,382 was tried in March of 1954 and appellee was again denied a divorce. In the trial of No. 401,382 in 1954 appellee testified and contended that he and his wife had been separated since Christmas week of 1946, but appellant testified and contended that they lived together until April of 1947 before separating. There is no contention or proof that the parties have not lived apart without cohabitation at all times since April of 1947. The present, or third, action was tried April 3, 1956. As of the date of the trial, the parties had been continuously living apart without cohabitation for more than seven years. This was not true as of March 22, 1954, the date of the judgment in suit No. 401,382 if, as appellant testified in that suit, no separation occurred prior to April of 1947.

Amending statutes providing for divorce on grounds of separation without inexcusable abandonment and reducing the period previously required—and reading in almost the identical language of Sec. 4 of Article 4629, as amended—have, with rare exceptions, been construed to evidence a legislative intent that they are to operate retrospectively. 17 Amer.Jur., page 166, Divorce and Separation, Sec. 29; 27 C.J. S., Divorce, § 16, page 537. We quote from Footnote 82 to the cited text in C. J.S.:

"Statutes authorizing divorce for separation or desertion for specified periods do not refer only to separation or desertion commencing after the date of the adoption of the statute, but a divorce may be granted thereunder although part or all of the time expired prior to such date." Cited in support are authorities from Federal District Courts of the District of Columbia, and from Arizona, Louisiana, Maryland, Minnesota, Nevada, and Wisconsin. None are cited to the contrary. Additional authorities may be located in the majority and dissenting opinions in Tipping v. Tipping, 65 App.D.C. 222, 82 F.2d 828. See particularly Stallings v. Stallings, 177 La. 488, 148 So. 687.

In certain jurisdictions where marriage is regarded as a contract rather than a status, constitutional provisions against retrospective and retroactive laws, similar to Article I, Sec. 16 of the Texas Bill of Rights, Vernon's Ann.St., have been held to restrain retrospective operation of amending statutes such as the one in question. In these jurisdictions such statutes are construed to operate prospectively so as to save them from unconstitutionality. Clark v. Clark, 10 N.H. 380; Greenlaw v. Greenlaw, 12 N.H. 200.

■ However, in our State it has long since been settled that marriage is not, in and of itself, a contract vesting rights in the parties, but a status and subject to dissolution civilly at the absolute will of the sovereign state. In Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, 1130, L.R.A.1915E, 1, the court stated: "Marriage is not a contract, but a status created by mutual consent of one man and one woman". And, in Gowin v. Gowin, Tex.Com.App., 292 S.W. 211, 214, the court declared: "As was its right, the state has made itself a party to the arrangement [marriage] independently of the will of the spouses. Having done so, and having thus essentially *deprived them of the more important contractual powers,* it recognizes the possibility of the tragedy of failure in any given case and its duty to grant relief to the blameless. It was not bound to provide any relief whatever, as witness the right exercised by South Carolina (Hull v. Hull, 2 Strob.Eq. 174; Mattison v. Mattison, 1 Strob.Eq. 387,

47 Am.Dec. 541; Hair v. Hair, 10 Rich. Eq. 163, 174), or it might have limited relief to instances of adultery, as has been done by many governments, or it might *at any time* take away the right entirely or change the conditions of its existence *without impairing any contractual obligation* (Maynard v. Hill [125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654])." (Emphasis supplied)

On the reasoning of the authorities above referred to, we conclude it was the legislative intent that Sec. 4 of Article 4629, R.S.T., as amended in 1953, have retrospective operation. Though it is not claimed that under our Constitution, Article I, Sec. 16, forbidding retroactive laws, the construction we place upon the amended statute would render it unconstitutional, we have considered but are not impressed with that possibility. Laws are not invalid against the constitutional prohibition of retroactive laws unless vested rights are destroyed or impaired. Paschal v. Perez, 7 Tex. 348; City of Fort Worth v. Morrow, Tex.Civ.App., 284 S.W. 275. And, as held in Grigsby v. Reib, supra, and Gowin v. Gowin, supra, marriage, in and of itself, does not result in the vesting of rights in the parties to the arrangement.

We do not think the court erred in computing the seven year period contemplated by Sec. 4 of Article 4629, as amended, by including in such computation time elapsing during the previous divorce actions between the parties. This is not a case based upon Sec. 2 of Article 4629 providing for divorce in favor of the husband where the wife shall have voluntarily left his bed and board for the space of three years with the intention of abandonment. Relief under this subdivision requires proof that the complaining spouse neither caused, procured nor consented to the separation. Villarreal v. Villarreal, Tex.Civ.App., 263 S.W. 2d 819. But this is not true in cases based upon Subd. 4. The reason for excluding time elapsing during the pendency of divorce actions in computing the requisite period under abandonment statutes is that a spouse, leaving his or her mate in the good faith, but mistaken, belief that circumstances warrant a divorce, does not within legal contemplation, i. e., without legally excusable cause, abandon the relation within the meaning of the statute during such period. Where mere living apart for seven years is the basis for divorce, fault or responsibility for the separation is not a material fact. For this reason, in our view at least, appellant's authorities, being Zeiler v. Zeiler, 58 Pa.Super. 220; Sperling v. Sperling, 82 Pa. Super. 308; and Merrill v. Merrill, 95 N.J. Eq. 398, 123 A. 613, are not applicable.

Appellant did not plead res adjudicata, however the issue appears to have been tried by the consent of the parties. Rule 67, Texas Rules of Civil Procedure. Furthermore, there is authority that because of the interest of the State in the marriage relationship, and on grounds of public policy, the defense of res adjudicata should be considered in divorce cases, even though not pleaded. 17 Am.Jur. 315, Divorce and Separation, Sec. 326.

The sole issue involved under the pleadings in the instant case was whether the parties had been living apart without cohabitation for as long as seven years prior to *April 3, 1956*. In the nature of things, that issue could not have been determined by the judgment in suit No. 401,382 rendered more than two years earlier. It is clear, in our opinion, that the judgment in suit No. 401,382, rendered more than two years before the judgment in the present suit, was not res adjudicata of the issue determined by the judgment appealed from. At most, said judgment only determined that the parties had not been living separate and apart for seven years prior to *March 22, 1954*.

We find no error in the record, and the judgment of the court below is affirmed, Associate Justice CODY not sitting.