**Paul C. TEAS, Jr., Appellant,**

v.

**Margo TEAS, Appellee.**

**No. 5048.**

Court of Civil Appeals of Texas, Waco.

July 29, 1971.

White, McElroy & White, B. Thomas McElroy, Dallas, for appellant.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, Frank Feuille, IV, El Paso, for appellee.

OPINION

HALL, Justice.

This is an appeal by the husband from a judgment rendered on a verdict denying him a divorce from appellee.

Appellant's first amended petition was filed on January 8, 1970. Among other grounds for divorce set forth therein was that the parties had "lived apart without cohabitation for more than three years."

Trial of the case was held in September, 1970. On the question of separation without cohabitation, the jury was asked by special issue no. 5 to determine whether the parties had lived apart without cohabitation for at least three years *prior to January 8, 1970*. No objection was made to the special issue. The jury answered it, "no."

Additionally, in answer to other special issues numbered as follows, the jury (1) failed to find that the marriage had become insupportable because of discord; (2) failed to find that the marriage had become insupportable because of conflict of personalities; (6) failed to find that appellee had been guilty of cruel treatment rendering the marriage insupportable; (7) failed to find that appellee was guilty of abandonment of the marriage; (8) set child support to be paid by appellant at $500 per month; and, (9), (10), and (11), allowed appellee $6,750 as reasonable attor-

ney's fees. Appellant does not challenge the jury's answers to special issues six through eleven.

No questions were asked of the jury, nor requested by either party, regarding property division or distribution.

After verdict, appellant filed an instrument denominated "Motion To Disregard Jury Verdict Or To Set Aside Jury Verdict And Motion For Judgment." In it, appellant sought alternative remedies, one of which, as we interpret the instrument and the arguments thereon in the briefs, was a motion for judgment of divorce notwithstanding the jury's answer to special issue no. 5. The substance of the motion was to have the trial court disregard the jury's answer to special issue no. 5 on the ground that the answer is immaterial, and to then render judgment on the verdict granting appellant a divorce. Appellant contended in the motion, as he does here, that the answer was immaterial because the issue inquired whether the parties had lived apart without cohabitation for at least three years prior to the time he filed his amended petition, that is, prior to January 8, 1970; and that the critical question was whether the parties had lived apart without cohabitation for at least three years *prior to the time of trial.* It was appellant's further contention, as it is here, that the record shows without dispute that, prior to trial, the parties had in fact lived apart without cohabitation for more than three years; and that, as a matter of law, he should have judgment for divorce.

The motion was overruled, and appellant assigns error to the ruling. We agree with appellant that the motion should have been granted.

Appellant testified that he had not lived with appellee nor had marital relations with her since 1964. Appellee disputed appellant's testimony, and testified unequivocally that "the last time" she and appellant had "lived together" as husband and wife was "in the spring of 1967."

Section 3.06, Vernon's Annotated Texas Family Code, V.T.C.A., provides that either spouse is entitled to a divorce if they have "lived apart without cohabitation for at least three years." Does this mean "at least three years" prior to the filing of the petition pleading the ground of divorce, as contended by appellee; or does it mean "at least three years" prior to the time of trial as appellant asserts? We believe appellant is correct, and so hold.

The parties do not cite and we have not found a decision which can be regarded as squarely in point. Nevertheless, we consider the attitude of the court in McGinley v. McGinley, (Tex.Civ.App., 1956, no writ hist.) 295 S.W.2d 913, construing and applying the earlier statutory provisions which required seven years living apart without cohabitation,[1] as persuasive on the question before us. On pages 914 and 915 of the opinion the court said this:

"Appellant does not dispute the sufficiency of the evidence to support the implied fact finding upon which the decree necessarily rests, that *prior to the date of the decree* the parties had lived apart without cohabitation for as long as seven years.

" * * * *As of the date of the trial,* the parties had been continuously living apart without cohabitation for more than seven years." (emphasis added).

Under the undisputed record, the jury's answer to special issue no. 5 was immaterial, and appellant was entitled to a divorce as a matter of law.

In view of this disposition, it is not necessary for us to review appellant's remaining points of error, and we refrain from doing so.

The judgment is reversed and remanded to the trial court with instructions to disre-

---

1. Subd. 4, Article 4629, Vernon's Annotated Texas Civil Statutes, as amended by Acts 1953, 53rd Leg., p. 366, ch. 91, sec. 1.

**920**

gard the jury's answer to special issue no. 5 and render judgment granting appellant a divorce on the ground that the parties have lived apart without cohabitation for at least three years, and awarding appellee child support and attorney's fees in accordance with the verdict, and dividing and distributing the property between the parties as the court finds to be fair and just under the evidence.