**Vera Marie HELFER, Appellant,**

v.

**Aaron HELFER, Appellee.**

**No. 16180.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 9, 1960.

Burt Barr, Dallas, for appellant.

Clarence Bentley, Dallas, for appellee.

MASSEY, Chief Justice.

The first question posed by this appeal is whether, in an action for divorce under section (4), Article 4629, Vernon's Ann. Civ.St. (the ground afforded either party when a husband and wife have lived apart without cohabitation for as long as seven years), the adultery on the part of the complaining party may be asserted as a defense.

At an earlier date this court held that adultery constituted no defense to an

action for divorce brought under said section and Article. Robertson v. Robertson, Tex.Civ.App., Fort Worth 1949, 217 S.W. 2d 132, mandamus denied. We have been cited to no case holding the contrary as applied thereto. Although adultery as a defense is not asserted in the following cases, independence from usual defenses of the ground for divorce has been upheld. Christoph v. Sims, Tex.Civ.App., Dallas 1950, 234 S.W.2d 901, writ ref. n. r. e.; McGinley v. McGinley, Tex.Civ.App., Galveston 1956, 295 S.W.2d 913. The defense was properly denied to the defendant.

The second question posed by the appeal is the sufficiency of the evidence to establish an absence of cohabitation for as long as seven years, it being conceded that the parties had lived apart for that period but pointedly disputed as to whether they had cohabited in a certain motel in a foreign state for a period of two weeks on an occasion about four years before the trial.

The trial opened with plaintiff's testimony to the effect that he and his wife had separated in March, 1951, and that they had not cohabited since that date. Plaintiff was in military service and transferred to Memphis, Tennessee, at that time. His wife did not accompany him to Tennessee but remained in New York. He testified that he had never returned to New York to visit his wife after his transfer to Memphis. Defendant undisputedly went to Memphis in 1956 and talked with plaintiff in that City. The dispute is as to whether plaintiff and defendant there lived together as husband and wife in a motel, asserted by the defendant to have covered a period of two weeks. The defendant's claim was that after said period of time she returned to New York to arrange her affairs so that she could permanently move to Memphis, with the expectation that plaintiff would send for her when he had arranged for a place to live, but that she was unexpectedly served with citation in a divorce suit brought in the State of Tennessee.

Presumably the testimony of the defendant concerning the events in 1956 came as a surprise to the plaintiff. In any event, it does not appear that he was not surprised and that he knew the testimony would probably be offered so that he should be prepared to rebut it by other than his own testimony. Defendant did not offer any testimony in corroboration of her story that she arrived in Memphis as the result of plaintiff's having telephoned her to come but not meeting her upon her arrival; that she attempted to locate him by telephone to notify him that she was in Memphis, ultimately leaving word of her presence at the military base where he was stationed; and that he appeared at the motel where she was at about 3:00 o'clock a. m. on the morning following the date of her arrival, remaining with her for a two-week period. She further testified that plaintiff told her on that occasion that he was "involved" but that the woman with whom he was "involved" had gone to the coast; but, further, that defendant should return to New York and be prepared to return to Memphis and he would send for her as soon as he found a place for her to live.

Defendant further testified that after she was served with citation in the divorce suit she went back to Memphis without notice and found plaintiff living with another woman. Somewhat surprisingly, defendant's testimony was that when she returned to Memphis on this occasion it was her intention to move (to Memphis) and be with her husband. It is to be noted that defendant claimed to have been unaware of the fact that plaintiff owned a house in Memphis since 1954, in which she found plaintiff living with another woman on the occasion when she returned to that City in connection with the divorce suit. At one point in her testimony on cross-examination defendant stated that she had not lived with her husband since the date she received injuries in an automobile accident in New York, the date of

which was established by a newspaper article to have been December 30, 1955.

Although V.A.T.S. Article 4632 provides that a decree of divorce shall be rendered upon "full and satisfactory evidence", we are of the opinion that the circumstances of this case are such as authorize us to hold that the evidence in this case meets the requirements of the statute. The matter of quantum and weight of the evidence necessary to meet the aforesaid statutory requirements is directed to the mind of the court. Such requires that the court be satisfied that the allegations of cause for divorce are sufficient and are supported by evidence that is true and sufficient to support those allegations, and under certain circumstances the evidence given by one spouse, contradicted by the other, may be full and satisfactory. Certainly this is true when the only evidence upon the determinative issue is by the parties themselves and theirs is the only evidence, for their credibility is in issue upon the matter. Had the defendant in this case supported her testimony about the cohabitation with evidence from any disinterested party, as surely should have been available to her, we would have been inclined to believe that the trial court's judgment would not stand the test of the statute. There would even be a severe question posed had defendant's pleadings averred such cohabitation with such particularity as would have placed plaintiff on notice so that he could have sought evidence at the motel in Tennessee to refute her claim. To hold, however, that the uncorroborated evidence of a defendant in a divorce suit, brought under section (4) of Article 4629, that in a distant city at some time within seven years prior to the trial there had been cohabitation of the parties foreclosing the action for divorce, would defeat the ends of justice and could not constitute sound law. If such were the state of our law, then even were a plaintiff availed the opportunity to continue to file and try suit after suit for divorce on the same grounds, a ruthless and untruthful defendant could

surprise the plaintiff by testimony in each trial with some personal and uncorroborated testimony of "cohabitation" at a time and place he could not be prepared to deny by other than his own testimony, thus denying him a decree which the law seeks to afford.

We believe the principles of law declared by Judge Young in the case of Turner v. Turner, Tex.Civ.App., Dallas 1956, 289 S. W.2d 836, are proper to be applied to the circumstances of this case and that application thereto demonstrates that plaintiff met the requirements of Article 4632 as applied to the ground for divorce upon which he sought a decree.

Judgment is affirmed.