Miriam F. SPRAY, Appellant,

v.

George Clifford SPRAY, Appellee.

No. 11091.

Court of Civil Appeals of Texas.
Austin.

May 15, 1963.

Rehearing Denied May 29, 1963.

Sharpe & Hardy, Brownsville, J. I. Simon, Pittsburgh, Pa., for appellant.

Mathews & Walsh, Brownsville, for appellee.

HUGHES, Justice.

This is a divorce suit in which George Clifford Spray, appellee, was granted a divorce from appellant, Miriam F. Spray.

Appellant has four points which present but two questions, (1) that the Trial Court erred in finding that appellee at the time of exhibiting his petition was an actual bona fide inhabitant of this State for a period of twelve months next preceding its filing as required by Art. 4631, Vernon's Ann.Civ.St. and (2) that divorce should have been denied because appellee was, at the time of trial, living bigamously with a common law wife.

This suit was filed November 8, 1961. Appellee testified that he moved from Pennsylvania and came to Texas on November 1, 1960, and that he had lived in Brownsville, Cameron County since November 13, 1960. The move from Pennsylvania was on the advice of appellee's physician. He chose Brownsville because of its sub-tropical climate. He obtained a driver's license in Texas in March, 1961. Appellee repeatedly testified that he intended to make Texas his home from the date he entered Texas. The fact that appellee, age 62, did not purchase a home in Texas, but lived in a motel, and that he received mail in places other than in Texas, are of an inconclusive nature, being evidentiary only. The Trial Court was fully warranted in finding that appellee was a bona fide inhabitant of Texas for the required period, and appellant's point to the contrary is overruled.

We also overrule the contention that appellee's immoral conduct precludes his right to a divorce upon the ground it was granted.

The Court found that the parties were married on December 31, 1923, and have lived separate and apart without cohabitation since March 30, 1952.

Art. 4629, V.A.C.S., provides, in part, "A divorce may be decreed in the following cases: * * * (4) Where a husband and wife have lived apart without cohabitation for as long as seven (7) years; * *."

Appellant does not attack the above finding of the Trial Court, and we, therefore, do not review the evidence to sustain it. Appellant merely asks us, in effect, to amend the divorce statutes to include the proviso that divorce on the ground of separation shall not be granted if the spouse seeking divorce has committed bigamy. We have no such authority. The custodian of this authority is our Legislature. Pappas v. Pappas, 146 S.W.2d 1115, Galveston Civ.App., Divorce and Separation, Vol. 20 Tex.Jur.2d, Sec. 3.

Other Courts have considered the complaint which appellant makes and, invariably, it has been denied. We merely cite them because it is inappropriate that we utilize space in discussing a point settled beyond our power to unsettle. Robertson v. Robertson, 217 S.W.2d 132, Fort Worth Civ.App., Christopher v. Sims, 234 S.W.2d 901, Dallas Civ.App., writ ref., n. r. e., Helfer v. Helfer, 342 S.W.2d 8, Fort Worth Civ.App.

The judgment of the Trial Court is affirmed.

Affirmed.