**Agness Rebecca FIELDS, Appellant,**

v.

**Robert Carl FIELDS, Appellee.**

**No. 4473.**

Court of Civil Appeals of Texas.

Waco.

Feb. 17, 1966.

Rehearing Denied March 10, 1966.

L. B. Dawson, Corsicana, for appellant.

Kenneth A. Douglas, Corsicana, for appellee.

McDONALD, Chief Justice.

This is a divorce case. Robert Carl Fields sued Agness Rebecca Fields, alleging they had lived apart without cohabitation for more than 7 years. The proof showed that plaintiff and defendant separated in October, 1957; that on May 27, 1964 plaintiff married a party named Gladys Hughes, and had lived with her as man and wife since. The trial court granted the divorce on October 15, 1965. Appellant appeals, contending the trial court erred in granting the divorce because: 1) plaintiff was not *lawfully* living apart from defendant for a part of the 7-year period required by the statute (in that he unlawfully attempted remarriage); 2) plaintiff committed an illegal act (attempted remarriage) which prevented defendant from living with plaintiff.

Article 4629, Subdivision (4), Vernon's Ann.Civ.St. provides that a divorce may be decreed where a husband and wife have lived apart without cohabitation for as long as 7 years.

Defendant says that plaintiff's cause of action is based at least in part upon his own unlawful act of attempted or bigamous remarriage during the 7-year period, thus preventing defendant from living with him, and for this reason plaintiff's action for divorce should be denied.

Subdivision (4) of Article 4629 is construed to require the spouse to live apart without cohabitation for 7 years; and the cause of the separation, and subsequent conduct, of the one seeking divorce are not proper subjects of inquiry. Robertson v. Robertson, CCA (n. w. h.), 217 S. W.2d 132; Spray v. Spray, CCA, W/E Dismissed, 368 S.W.2d 159.

In the instant case the proof showed that plaintiff and defendant lived apart without cohabitation for 7 years. Under the cited cases, the fact that plaintiff was guilty of bigamy during the 7-year period does not preclude the granting of plaintiff's divorce under such subdivision.

Defendant's contentions are overruled.

Affirmed.