**Michael B. FRENCH, Appellant,**

v.

**Candace Ann FRENCH, Appellee.**

No. 15615.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 14, 1970.

Rehearing Denied June 4, 1970.

**840**

Charles B. Everett, Houston, for appellant.

Paul D. Filer, Jr., Houston, for appellee.

PEDEN, Justice.

Divorce was granted to Mrs. French on her cross-action after a non-jury trial. Mr French had taken a non-suit as to his original action when the cause was called for trial. The decree was entered on November 3, 1969, which was prior to the effective date of the new Family Code.

Appellant's first two points of error are that the trial court erred in granting a divorce to the appellee (wife) when the evidence conclusively showed that she had committed adultery during the marriage and her only ground for divorce was cruel treatment; that she should have been permanently denied a divorce.

■ We overrule these points. The trial judge made findings of fact that the wife had been guilty of adultery during the marriage, but he made other findings which support his conclusion of law that the appellant had condoned such conduct on her part.

Condonation is ordinarily a defensive matter, but we perceive no reason why it would be unavailable to the cross-plaintiff under the facts in this case to defeat the appellant's theory that adultery on her part permanently bars her from divorcing the appellant.

■ The husband's condonation of the wife's adultery does not debar her of the right to a divorce from him for his subsequent cruelty. 24 Am.Jur.2d 364, citing Farmer v. Farmer, 86 Ala. 322, 5 So. 434 (1889).

"The principle of condonation is applicable to cruelty and other grounds for divorce, as well as to adultery." 20 Tex. Jur.2d 396, citing Bingham v. Bingham, 149 S.W. 214 (Tex.Civ.App.1912, no writ) and Murchison v. Murchison, 171 S.W. 790 (Tex.Civ.App.1914, not writ).

In Heard v. Heard, 272 S.W. 501 (Tex. Civ.App.1925, not writ), it was held that by his acts the "plaintiff condoned any conduct of the defendant giving grounds for divorce."

■ We do not agree with the appellant's position that on authority of Franzetti v. Franzetti, 120 S.W.2d 123 (Tex. Civ.App.1938, no writ); Jones v. Jones, 176 S.W.2d 784 (Tex.Civ.App.1944, no writ); Oster v. Oster, 130 S.W. 265 (Tex. Civ.App.1910, no writ), and Hausladen v. Hausladen, 388 S.W.2d 952 (Tex.Civ.App. 1965, no writ), Article 4630, Vernon's Annotated Civil Statutes, means that if a husband who has not been shown to have committed adultery condones adultery on the part of his wife, this permanently bars her from obtaining a divorce on any grounds.

■ Appellant next contends that the trial court erred in granting the divorce to the appellee on the ground of mental cruelty because there was no evidence, or the evidence was insufficient, to fully and satisfactorily prove mental cruelty against appellant.

We overrule these points. We have carefully examined the entire record of this case. We believe that no useful purpose would be served by relating all of the appellee's testimony. It was not contradicted by her husband, who was not present during the trial. The appellee's cross-petition alleged as grounds for divorce cruel treatment by the appellant, and her testimony supported those allegations. She related that just before the separation he frequently cursed her, threw a cast-iron skillet at her, wouldn't provide for her, flew into a rage and broke up a

chair and that his conduct so upset her, physically and mentally, that their further living together was insupportable.

Appellant's fifth point of error was that the trial court erred and abused its discretion in awarding the minor child of the parties to the appellee because the evidence showed conclusively that she was an unfit mother and an immoral person and that the best interest of the child would have been served had her custody been awarded to the appellant or to his parents.

Some of the most difficult decisions a trial judge must make are those concerning the custody of small children. In this case, apart from the adultery finding, the trial court explicitly declined to find as facts some other allegations which, if proved, would have indicated that the appellee was unfit.

█ We cannot say as a matter of law that it was an abuse of discretion, under the facts of this case, for the trial court to award the custody of a child to a parent found to have committed adultery in the past. The Probation Department's report states that the appellee wants custody very badly, knows she has made mistakes but says will not do so any more. That if she is given custody, she and her daughter will stay with the appellee's parents. They have a spacious home, are anxious to have their daughter and granddaughter live with them and will help them in every way possible.

As to the allegations of other misconduct on the appellee's part, there was little, if any, support in the evidence for any of them and the trial court was clearly entitled to decline to find that they were established as facts.

█ Appellant's sixth point is without merit. It complains that the trial court excluded the testimony contained in his bill of exception. We have considered the trial judge's findings of fact, some of which were based on evidence found only in such bill; we assume that the trial judge reconsidered his earlier exclusion of the evidence in question and determined that it should have been admitted. We agree that it was proper for him to consider it.

█ Appellant's last point of error was that the trial court erred in refusing to allow his attorney to examine the Harris County Probation Department's investigation report until all the evidence had been adduced. (The parties had filed a written agreement waiving the hearsay rule and stipulating that the report might be considered as evidence.) The appellant cites no authority in support of his position and we know of none. If there was error, it was harmless. Further, when the trial judge stated that the attorneys' access to the report was not being denied but was only being delayed, appellant's counsel acquiesced in that ruling.

Affirmed.