**Robert Lee HARVEL, Appellant,**

v.

**Fay HARVEL, Appellee.**

**No. 15751.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 8, 1971.

Elizabeth Armstrong, Lake Jackson, for appellant.

Robert R. Farmer, Asst. Dist. Atty., Lake Jackson, for appellee.

COLEMAN, Justice.

This is an appeal· from the judgment of the Court of Domestic Relations of Brazoria County, Texas, denying appellant a divorce.

The parties have been married more than fifteen years. On June 15, 1970, this suit was filed alleging as grounds for divorce insupportability as provided in Section 3.01 of the Texas Family Code, V.T.C.A. Appellee answered with a cross-action on the same grounds, and a general denial. The case was called for trial on October 12, 1970. During the course of the trial appellant was permitted to file a trial amendment alleging cruel treatment as an alternative ground for divorce. Appellee was permitted to dismiss her cross-action and to allege adultery as a defense to appellant's action for divorce.

The case was tried to the court without a jury. No findings of fact or conclusions of law were requested. While there is an agreed statement of facts, it is not in question and answer form. The evidence recited is sufficient to establish a basis for divorce had the trial court seen fit to enter such a decree. It is not of such character as to require findings establishing grounds for divorce.

Appellant complains that the trial court required him to answer a question inquiring as to whether, between October, 1969, and January 1, 1970, he had ever had sexual relations with a named woman. His counsel objected stating as grounds therefor "the 5th Amendment to the Constitution of the United States", the "guarantee against self-incrimination" and the "State statute". The court required appellant to answer the question. Appellant answered in the affirmative. There was no other competent evidence to establish adultery on the part of appellant.

The trial court erred in requiring appellant to answer the question. § 3.62, Family Code; Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944). Recrimination as a defense in a suit for divorce has been specifically abolished. § 3.08, Texas Family Code. Proof that the applicant for a divorce has been guilty of adultery no longer bars a divorce on the ground of cruel treatment. Since the trial court permitted a trial amendment setting up adultery as a defense, and thereafter required appellant to testify to facts establishing adultery on his part, we conclude that the court tried the case on an erroneous theory of the law applicable thereto, and that his error in allowing the trial amendment, and in requiring the answer, probably resulted in the entry of an erroneous judgment.

Reversed and remanded.