**Nancy Ann CUSACK, Appellant,**

v.

**William L. CUSACK, Appellee.**

**No. 749.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1973.

Rehearing Denied March 22, 1973.

Crain, Crain & Sheppard, Frank B. Sheppard, Cuero, for appellant.

Hartman & Lapham, Wayne Hartman, Victoria, for appellee.

## OPINION

BISSETT, Justice.

This is a divorce case. William L. Cusack sued Nancy Ann Cusack for divorce on the sole ground of insupportability. After a jury trial, judgment was rendered

granting a divorce to the plaintiff, awarding custody of the minor children to defendant with plaintiff having reasonable visitation rights, providing for support of the minor children by plaintiff, dividing the community property between the parties, and allowing attorney's fees to the defendant. Nancy Ann Cusack has appealed. We affirm.

In addition to denying the allegations contained in appellee's petition, the appellant alleged that appellee had committed adultery, and was seeking the divorce, not because the marriage had become insupportable because of discord and conflict of personalities, but in order to "enable himself to continue such affair with impunity". Appellee filed special exceptions to appellant's pleadings, wherein he averred that appellant attempted to plead adultery as a bar to appellee's action for divorce, and that the allegations of adultery were irrelevant and immaterial to any issue in the divorce action that was brought by him. The special exceptions were sustained. The trial court further sustained appellee's motions in limine whereby appellant was precluded from offering any evidence tending to show that appellee had committed adultery.

Appellant's first three points of error complain of the aforesaid rulings by the trial judge. Appellant contends, in part, that, having plead appellee's adultery as an independent bar to the suit for divorce, she had the legal right to offer proof of appellee's adulterous conduct as tending to show fault on the part of appellee and lack of fault on the part of appellant, as tending to explain and show motive for what appellant alleged to be false allegations and false testimony of appellee, and as tending to support her view that the cause of the collapse of the marriage was not discord or conflict of personalities but appellee's adultery. She argues that had the jury been allowed to hear the reading of her pleadings, as filed by her, and to hear the proof that was excluded by the judge's rulings on

the motions in limine, that it might well have concluded that the marriage was not insupportable.

Until 1913, the only grounds for divorce in Texas were cruelty, adultery, abandonment and conviction of felony. All were fault grounds. In that year (1913), living apart without cohabitation for ten years, a non-fault ground, was added. In 1941, insanity, another non-fault ground, became a ground for divorce. Subsequently, the period of living apart without cohabitation was reduced from ten to seven years (1953), and from seven to three years (1967). The ground of insanity was eliminated and mental illness was substituted therefor in 1965.

Until 1969, except for the above noted legislative enactments, Texas legislation on grounds for divorce remained virtually unchanged for over a hundred years. The adversary nature of divorce litigation remained, and ancient ecclesiastical grounds for separation based upon fault formed the core of substantive divorce law. If the conduct complained about did not fit into one of these statutory grounds, a divorce was denied. Adultery was an absolute bar to a divorce where the action was brought on one of the fault grounds. Other defenses to divorce actions were condonation, connivance, collusion and recrimination. As a result, some parties whose marriage had become insupportable could not obtain a divorce. It became apparent in the late 1960's that the existing grounds for divorce and the defenses thereto were no longer compatible with modern beliefs. 8 Houston Law Review, "Marriage and Divorce Under the Texas Family Code," pp. 100–136 (1970).

In keeping with the idea of a realistic marital code that would meet the needs of the twentieth century society, the Legislature, in 1969, enacted the Family Code, which became effective on January 1, 1970. A non-fault ground was added to the existing grounds for divorce. This new ground

is found in § 30.01 of the Code, V.T.C.A., which reads, as follows:

"On the petition of either party to a marriage, a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation."

The defense of recrimination was abolished by the Code and the defense of condonation was materially altered thereby. § 3.08, Family Code. Article 4630, Vernon's Ann.Civ.St., theretofore existing, was expressly repealed by the Code. The language in the repealed statute making adultery a bar against a suit for divorce does not appear in the Family Code.

We construe § 3.01 of the Code to be a ground for a divorce which is separate and independent from any other grounds provided by the Code. That section of the Code is clear, plain and unambiguous. Since divorces are granted only on statutory grounds, and as the Legislature was fully aware of the grounds for divorce that existed in 1969, when the Family Code was passed, it must be presumed that the Legislature was not satisfied with the existing traditional grounds therefor. We conclude that it was the intent of the Legislature to make a decree of divorce mandatory when a party to the marriage alleges insupportability and the conditions of the statute are met, regardless of who is at fault, on the theory that society will be better served by terminating marriages which have ceased to exist in fact. The courts have no right or prerogative to add to or take from such a legislative enactment, or to construe it in such a way as to make it meaningless. As we view the Code, when insupportability is relied on as a ground for divorce by the complaining spouse, if that ground is established by the evidence, a divorce must be granted the complaining party, without regard as to whether either, both or neither of the parties are responsible for or caused the insupportability. Stecklein v. Stecklein, 466 S.W.2d 421 (Tex.Civ.App. —San Antonio 1971, n. w. h.). It is not incumbent upon the plaintiff who brings the divorce action upon the ground of insupportability to show any misconduct on the part of the defendant, but it is only incumbent upon that spouse to establish by the evidence that a state of insupportability exists regardless of whether it is anyone's or no one's fault. Otherwise, the grounds for divorce would remain the same as they were prior to the passage of the Code, and the new ground would be of negligible force. It also occurs to us that § 3.01 of the Code was incorporated therein as a new, independent and additional ground of divorce to render unnecessary the revealing to public gaze of sordid events that have come to mar two otherwise happy lives.

In Robertson v. Robertson, 217 S.W.2d 132 (Tex.Civ.App.—Fort Worth 1949, n. w. h.), the husband sued for a divorce on the ground of having lived apart from his wife without cohabitation for ten years. He frankly admitted at the trial that he had lived with another woman at times since the separation. The Court of Civil Appeals reversed the judgment of the trial court denying him a divorce and rendered judgment of divorce in his favor, holding:

"It is our belief, and we so hold, that neither appellant's conduct causing the separation nor his subsequent acts during the period of ten years relied upon by him in this case preclude him from a decree of divorce. . . ."

The holding of that case was cited with approval in Christoph v. Sims, 234 S.W.2d 901, 907 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.). See also Spray v. Spray, 368 S.W.2d 159 (Tex.Civ.App.—Austin 1963, writ dism'd); Fields v. Fields, 399 S.W.2d 958 (Tex.Civ.App.—Waco 1966, n. w. h.).

It was held in Helfer v. Helfer, 342 S. W.2d 8 (Tex.Civ.App.—Fort Worth 1960,

n. w. h.), that adultery is not a defense to an action brought for divorce on the ground that the husband and wife had lived apart without cohabitation for as long as seven years.

Where mere living apart without cohabitation for seven years is a basis for divorce, fault or responsibility for the separation is not a material fact. McGinley v. McGinley, 295 S.W.2d 913 (Tex.Civ.App. —Galveston 1956, n. w. h.).

All of the foregoing cases were decided prior to the effective date of the Family Code. However, in each case, a divorce was sought on the non-fault ground of living apart without cohabitation for the required number of years. There is no reason why the reasoning, logic and rule of the cited cases should not apply to this case, where insupportability, a new non-fault ground, is asserted as the ground for the divorce.

■ Appellant did not file a cross action seeking a divorce from appellee because of his alleged adultery. We do not agree with appellant's position that on the authority of Franzetti v. Franzetti, 120 S. W.2d 123 (Tex.Civ.App.—Austin 1938, n. w. h.); Jones v. Jones, 176 S.W.2d 784 (Tex.Civ.App.—Galveston 1943, n. w. h.); and Hausladen v. Hausladen, 388 S.W.2d 952 (Tex.Civ.App.—Dallas 1965, n. w. h.), adultery remains a complete defense to a suit for divorce in an action such as the one brought by appellee. See French v. French, 454 S.W.2d 839 (Tex.Civ.App.— Houston 1st Dist. 1970, writ dism'd). Adultery is no longer a bar to the granting of a divorce. It is not a defense in an action for divorce where insupportability is alleged as a ground therefor. See Harvel v. Harvel, 466 S.W.2d 39 (Tex.Civ.App.— Houston 1st Dist. 1971, n. w. h.). Therefore, the matter of appellee's adultery, if any, was irrelevant and immaterial to the divorce action brought by appellee. There was no error in the said rulings by the trial judge. Appellant's first three points are overruled.

■ Appellant, in her fourth point, asserts that the trial court erred in admitting into evidence over appellant's objection, a Xerox copy of a letter written by appellee to appellant. Appellee wrote a letter, dated July 23, 1966, to appellant, who admitted that she received the letter and read it. Appellee offered a Xerox copy thereof into evidence. Appellant objected solely "on the ground that the original is not accounted for and the original is the best evidence of its contents". The statement of facts does not show that the trial court ruled on appellant's motion. Appellant waived her objection thereto by failing to secure a ruling of the trial judge thereon. Rule 372, Texas Rules of Civil Procedure; Webb v. Mitchell, 371 S.W.2d 754, 760 (Tex.Civ.App.—Houston 1963, n. w. h.); City of Denison v. Corcoran, 253 S.W.2d 321, 324 (Tex.Civ.App.—Austin 1952, n. w. h.).

■ Moreover, the physical copy of the letter was not actually introduced into evidence. Counsel for appellee, read the letter to the jury, and its contents, as so read, are reported in the statement of facts. Its contents amount to no more than a commentary by appellee on the fact that their marriage was not going well, that the relationship between the parties had become strained because of lack of communication between them, that they had become incompatible, and that appellee "was in hopes that our marriage relationship would improve". The letter ended with the statement "I am deeply concerned about our future together." It was written on July 23, 1966; appellee's petition for divorce was filed on June 10, 1971, almost five years thereafter. It cannot be said that the reading of the letter materially bolstered appellee's case and lent credibility to his testimony that the marriage was insupportable because of conflict and discord. Ap-

pellant has not demonstrated that the reading of the letter to the jury affected the verdict returned by the jury, or caused the rendition of an improper judgment. Rule 434, T.R.C.P.; Flores v. Missouri-Kansas-Texas Railroad Company, 365 S.W.2d 379 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.). This case did not turn on the contents of the letter. Harm to appellant is not shown by the reading of the letter to the jury. Appellant's fourth point is overruled.

Appellant's fifth point challenges the judgment as not being supported by "full and satisfactory evidence".

The only testimony in support of appellee's alleged ground for divorce came from the appellee himself. He testified that his wife was a loud, outspoken, opinionated person, very aggressive, with a self-righteous attitude about her opinions "just like she had gotten her instructions from the Lord"; that communication between them had broken down to the point that they could never resolve a problem; that they "fussed a lot"; that "she was very insensitive to our marriage and to our needs and our feelings toward each other"; that she did not keep the house decent-looking, and the house was dirty all the time, with dirty dishes everywhere and dirty clothes piled "all around"; that she did not take pride in her person; that she would not cook breakfast for him, or get up in the morning to be with him "to visit a little bit before I left for work"; that she would cook supper early and put it in the oven for him when he got home from work; that she was never at home when he returned in the evening; that she did not show any interest in him; that she did not spend any time with him on Saturdays (his day off) as she would "be somewhere drinking coffee in the morning" and "she always played bridge on Saturday afternoon"; that she had her own way of doing things, her own way of living, and she was going to do it that way or not at all; that she told him "you know we just don't see eye to eye on anything"; and that she was determined that he would live the kind of life that she wanted him to live.

Appellee further told the jury "I have taken as much as I can . . . There has been discord in my marriage . . . I could not go on that way and I left home . . . I do not intend to go back . . . There's no chance of a reconciliation . . . There is not going to be a reconciliation, regardless of anything." On cross examination, he said that his marriage was intolerable, unbearable, and "I am no longer able to live with this woman because of my own peace of mind". The facts testified to by appellee relate to appellant's acts, attitudes and omissions that caused the marriage to become unendurable to him; they transcend mere petty differences; they reflect more than mere conclusions characterizing incompatibility.

Appellant, on the other hand, testified that there had been no discord, no arguing, and no fighting between her and her husband. She was not aware of any conflict of personalities between them; "we had one of the happiest marriages going". The marriage, to her, was not intolerable, unbearable and insupportable. Her husband was always wonderful to her. She had no inkling that anything was wrong with the marriage until her husband left her on March 17, 1971. She was willing to be reconciled to him.

Long time friends of the couple, who had abundant opportunities to observe them closely over a period of many years, testified to their apparent happiness, to the absence of apparent discord and conflict of personalities between them, and to their surprise at the break-up of the marriage. Their eighteen-year old daughter said that she never noted any discord or conflict of personalities between them.

The question as to whether the marriage has become insupportable because

of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation is peculiarly one of fact to be determined by the trier of the facts. See Hester v. Hester, 413 S.W.2d 448 (Tex.Civ.App.—Tyler 1967, n. w. h.); Guerra v. Guerra, 327 S.W.2d 625 (Tex.Civ.App.—San Antonio 1959, n. w. h.). Even though any one of the facts in evidence standing alone might not be sufficient to support a finding that the marriage has become insupportable within the purview of § 3.01 of the Family Code, the evidence when viewed in its entirety may be sufficient to constitute such a ground for divorce. Emerson v. Emerson, 409 S.W.2d 897 (Tex.Civ.App.—Corpus Christi 1966, n. w. h.). The sufficiency and weight of the evidence necessary to meet the requirements of insupportability must be left to the sound discretion of the court or jury trying the case. Alexander v. Alexander, 373 S.W.2d 800, 803 (Tex. Civ.App.—Corpus Christi 1963, n. w. h.). Only the trier of the facts may pass on the credibility of the witnesses; and appellate court does not have such authority. Robinson v. Robinson, 235 S.W.2d 228 (Tex. Civ.App.—San Antonio 1951, n. w. h.).

■ The questions of insupportability and the credibility of appellee's testimony, while in sharp conflict with the testimony of other witnesses, particularly that of appellant, were left to the jury for its determination. The jury, in finding that the marriage had become insupportable, in effect, found appellee to be credible. On appeal from a judgment granting a divorce, every presumption must be indulged in favor of the judgment. McDonald v. McDonald, 316 S.W.2d 780 (Tex.Civ.App.—Fort Worth 1958, n. w. h.); Mansfield v. Mansfield, 308 S.W.2d 80 (Tex.Civ.App.—El Paso 1957, n. w. h.).

The term "insupportable" has been defined by our appellate courts on many occasions as "unendurable, insufferable, intolerable". Ingham v. Ingham, 240 S.W.2d 409 (Tex.Civ.App.—Amarillo 1951, n. w. h.); Bobbitt v. Bobbitt, 291 S.W. 964 (Tex.Civ.App.—Dallas 1927, n. w. h.).

■ While appellant argues that appellee's testimony amounts to no more than mere conclusions that are not grounded on facts but upon unspecified incompatibilities, after a careful examination of his testimony in its entirety, we conclude that his evidence was factually sufficient to meet the standard of full and satisfactory evidence, as imposed by § 3.64 of the Code. Accordingly, appellant's fifth point is overruled.

Appellant also assails the judgment on the ground that the trial court erred in failing to award appellant a larger share of the community property, and in failing to impose a reasonable charge upon appellee's separate real estate for the support of appellant and the minor children of the marriage.

The community property consisted of real and personal property that had a total value of $66,792.00, and community debts that amounted to $8,710.06. The trial court awarded appellant real and personal property of the total value of $39,082.00. Appellee was awarded personal property that had a total value of $27,710.00. Attorney's fees for appellant's attorney in the sum of $2,000.00 and all of the community debts were ordered paid by appellee.

Appellee owned some nine hundred acres of land as his separate property that was worth approximately $162,000.00, and separate personal property of about $2,000.00. His separate property was not impressed with any charge in favor of appellant.

Both appellant and appellee were in their early forties at the time of trial. They had been married for twenty-three years at the time suit was filed. There was no showing that either was in poor health or suffered any physical handicap at the time

of trial. Each had attended college for about a year.

Appellee had worked in a bank and for an oil company in previous years but was in the cattle-ranching business at the time of trial. The business operated at a loss in 1971.

Appellant had worked as a secretary for several persons and concerns, for the State Department of Public Welfare, and as a substitute school teacher. In addition, she had been sole operator of a Montgomery Ward Sales Agency for about two years preceding the separation.

■ The provisions of § 3.63 of the Family Code do not require the division of property in a divorce action to be equal. The division is made in a manner that the court, after having considered the evidence, deems just and right. See Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960). The trial court has wide discretion to determine questions of fact in respect to a division of the property between the parties to a divorce, and such awards will not be disturbed unless there is a clear abuse of discretion. Weaks v. Weaks, 471 S.W.2d 454 (Tex.Civ.App.—Beaumont 1971, writ dism'd); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1963, writ dism'd). And, there is a presumption in favor of the trial court's exercise of its discretion regarding division of property in a divorce action. Waggener v. Waggener, 460 S.W.2d 251 (Tex.Civ. App.—Dallas 1970, n. w. h.).

■ Appellant was awarded a greater share of the community property than was appellee. Appellee was required to pay all community debts and appellant's attorney's fees. A review of the record compels us to hold that the trial court did not abuse its discretion in making such division. Appellant's sixth point is overruled.

The judgment of the trial court is affirmed.