# NO. 12-23-00201-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *CLAYTON P. NICKLAS,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

### MEMORANDUM OPINION
### PER CURIAM

Relator, Clayton P. Nicklas, filed this original proceeding to challenge Respondent's[1] granting of a partial summary judgment in favor of the Real Party in Interest, Teresa D. Nicklas.[2] We deny the writ.

### BACKGROUND

The underlying suit is a divorce proceeding. In 2021, Teresa filed a petition for divorce, and Clayton filed a counterpetition for divorce as well as a demand for jury trial. On May 22, 2023, Teresa filed a motion for partial summary judgment, in which she alleged entitlement to a divorce on the no-fault ground of insupportability. In the motion, Teresa contended that (1) the marriage is insupportable because of discord or conflict, (2) discord or conflict destroyed the legitimate ends of the marriage, and (3) there is no reasonable expectation of reconciliation. Teresa argued that because any reasonable expectation of reconciliation necessarily requires her to desire reconciliation, Clayton could not establish any genuine issue of material fact on the issue, and she is entitled to judgment as a matter of law. Attached to Teresa's motion as summary judgment evidence was her declaration, in which she declared under penalty of perjury that the "marriage

---

[1] Respondent is the Honorable Joshua Z. Wintters, Judge of the County Court at Law in Van Zandt County, Texas.

[2] Because Relator and the Real Party in Interest have the same surname, we will refer to them by their first names for clarity and brevity.

has become insupportable because of discord or conflict which destroys the legitimate ends of the marriage[]" and "[t]here is no reasonable expectation of reconciliation."

Clayton filed a response to Teresa's motion for partial summary judgment, in which he asserted that (1) the court must view the evidence in the light most favorable to him as the nonmovant, (2) Teresa could not "meet the high burden of conclusively establishing" her entitlement to a no-fault divorce, and (3) a genuine issue of material fact exists because he disputed Teresa's assertions that the marriage was insupportable due to discord or conflict, discord or conflict destroyed the legitimate ends of the marriage, and there is no reasonable expectation of reconciliation. Attached to Clayton's response as an exhibit was his deposition, during which he testified that he does not believe the marriage has become insupportable due to discord or conflict that destroyed the legitimate ends of the marriage, and that he believes reconciliation is possible. Clayton further testified that he filed a jury demand because he wanted a jury "to see that there is a reasonable expectation of reconciliation."

Respondent signed an order granting Teresa's motion for partial summary judgment. In the order, Respondent found that Teresa "established that the marriage has become insupportable because of discord or conflict of the parties' personalities . . . that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation." The order provided that "[a]ll other issues, including other potential grounds for divorce, are preserved for final trial on the merits." Respondent ordered that the parties resume mediation on remaining issues prior to the scheduled trial.

Clayton then filed this original proceeding, in which he argues that this Court should grant mandamus relief and compel Respondent to vacate his order granting Teresa's motion for partial summary judgment because (1) Respondent abused his discretion by failing to evaluate the evidence in the light most favorable to him and to disregard Teresa's contradictory evidence and (2) Respondent abused his discretion by granting relief Teresa did not seek.[3] In response, Teresa contends that she was entitled to a partial summary judgment as a matter of law because she established that the marriage was insupportable, and she asserts that Clayton's "meritless claim … has wasted the parties['] and courts' time and resources."

---

[3] Clayton argues that Teresa sought a finding that she is "entitled" to a divorce based on insupportability, and he contends, without citation to authority, that this differs from Respondent's finding that the marriage has become insupportable. *See* TEX. R. APP. P. 38.1(i).

2

**PARTIAL SUMMARY JUDGMENT REGARDING INSUPPORTABILITY**

As mentioned above, Clayton seeks a writ of mandamus compelling Respondent to vacate his order granting Teresa's motion for partial summary judgment.

## Prerequisites to Mandamus

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). To be entitled to mandamus relief, Clayton must establish that (1) the trial court clearly abused its discretion and (2) he lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding). A trial court abuses its discretion if it acts arbitrarily or unreasonably and reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). A trial court has no discretion in determining what the law is or applying the law to the facts. *Prudential*, 148 S.W.3d at 135. Although we will not substitute our judgment for that of the trial court, we must consider whether the trial court acted without reference to guiding rules and principles. *In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding).

## Summary Judgment

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant establishes a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## Insupportability

In 1969, the Texas Legislature added insupportability as a no-fault ground for divorce under the Texas Family Code, and the no-fault provision "became effective on January 1, 1970." *Cusack v. Cusack*, 491 S.W.2d 714, 716-17 (Tex. App.—Corpus Christi 1973, writ dism'd). "On

3

the petition of either party to a marriage, the court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation." TEX. FAM. CODE ANN. § 6.001 (West 2020). By enacting this "clear, plain[,] and unambiguous" provision, the Legislature intended "to make a decree of divorce mandatory when a party to the marriage alleges insupportability and the conditions of the statute are met, regardless of who is at fault, on the theory that society will be better served by terminating marriages which have ceased to exist in fact." *Cusack*, 491 S.W.2d at 717. When the movant for divorce relies upon insupportability as a ground for divorce, if the movant provides evidence of insupportability, the court must grant the movant a divorce. *Id*. (citing *Stecklein v. Stecklein*, 466 S.W.2d 421 (Tex. Civ. App.—San Antonio 1971, no writ)).

Although the Texas Family Code's insupportability provision eliminates the need to establish the source of the conflict that renders the marriage insupportable, it does not relieve the movant of the burden of establishing the statutory elements. *In re Marriage of Richards*, 991 S.W.2d 32, 37 (Tex. App.—Amarillo 1999, pet. dism'd). The movant for divorce must establish the statutory elements of insupportability with adequate evidence. *Alvarez v. Alvarez*, No. 04-13-00787-CV, 2015 WL 1938700, at *2 (Tex. App.—San Antonio Apr. 29, 2015, no pet.) (mem. op.). A spouse's testimony that the marriage is insupportable due to discord and conflict of personalities that destroyed the legitimate ends of the marriage and prevented any reasonable expectation of reconciliation is sufficient. *Misigaro v. Bassowon*, No. 02-10-00473-CV, 2012 WL 171110, at *2 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op) (holding that movant's testimony as to each element of insupportability was sufficient evidence to support granting of divorce); *In re Marriage of Wellington*, No. 10-07-00181-CV, 2008 WL 3971763, at *2 (Tex. App.—Waco Aug. 27, 2008, no pet.) (mem. op.) (holding that spouse's one-word answers to attorney's questions regarding statutory elements of insupportability constituted sufficient evidence to support trial court's finding of insupportability); *In re Marriage of Beach*, 97 S.W.3d 706, 708 (Tex. App.—Dallas 2003, no pet.) (holding that wife's testimony that marriage was irreparable due to discord and conflict of personalities and there is no chance for reconciliation established prima facie case for no-fault divorce).

As discussed above, Clayton testified that he believed reconciliation is possible, but Teresa declared under penalty of perjury that the marriage is insupportable because of discord or conflict

4

which destroys the legitimate ends of the marriage and there is no reasonable expectation of reconciliation. It is axiomatic that marriage is a legal relationship between two parties. *See* BLACK'S LAW DICTIONARY 1117 (10th ed. 2014) (defining "marriage" as "[t]he legal union of a couple as spouses"). For the marriage to continue, both parties must believe that discord and conflict of personalities have not destroyed the legitimate ends of the marriage and that reconciliation is possible. *See generally* TEX. FAM. CODE ANN. § 6.001.

Viewing the summary judgment evidence in the light most favorable to Clayton as the non-movant and disregarding contrary evidence, Clayton's testimony established that he believes reconciliation is possible, but he did not, and could not, produce evidence that Teresa believes reconciliation is possible. In fact, Clayton testified in his deposition that he knows Teresa believes there is no reasonable expectation of reconciliation. Moreover, Clayton's testimony that he believes reconciliation is possible does not create a genuine issue of material fact as to Teresa's beliefs regarding the marriage. *See generally* **City of Houston**, 589 S.W.2d at 678-79. We conclude that Teresa's declaration was sufficient to establish that (1) there are no genuine issues of material fact and (2) she is entitled to a judgment as a matter of law regarding the no-fault divorce ground of insupportability. *See id.*; **Johnson**, 891 S.W.2d at 644; **Misigaro**, 2012 WL 171110, at *2; **Wellington**, 2008 WL 3971763, at *2; **Beach**, 97 S.W.3d at 708; *see also* TEX. R. CIV. P. 166a (c). Therefore, Clayton fails to show that Respondent abused his discretion by granting Teresa's motion for partial summary judgment. Lastly, we conclude that Clayton's purported distinction between Teresa's requested finding (that she is "entitled" to a divorce based on insupportability) and Respondent's finding (that the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation) is a distinction without a difference. Rather, we conclude that Teresa's requested finding and Respondent's finding are merely two different ways of stating the same thing: that Teresa established the statutory grounds for a no-fault divorce on the ground of insupportability. Respondent did not grant more relief than Teresa requested.

Assuming, without deciding, that Clayton's complaints are proper subjects of mandamus review, we conclude that Clayton fails to show an abuse of discretion by Respondent. Accordingly, we overrule issues one and two and ***deny*** mandamus relief.

## DISPOSITION

Having concluded that Respondent did not abuse his discretion in granting Teresa's motion for partial summary judgment, we ***deny*** Relator's petition for writ of mandamus. All pending motions are ***overruled as moot***.

Opinion delivered September 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2023**

**NO. 12-23-00201-CV**

**CLAYTON P. NICKLAS,**
Relator
v.
**HON. JOSHUA Z. WINTTERS**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Clayton P. Nicklas; who is the Relator in appellate cause number 12-23-00201-CV and the respondent/counter-petitioner in trial court cause number FM21-00524, pending on the docket of the County Court at Law of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on August 7, 2023, and the same having been duly considered, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*