# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00268-CV

**Valeria Indira Tanner, Appellant**

**v.**

**Derrick Thedell Tanner, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 22-0539-FC4, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Valeria Indira Tanner appeals the trial court's divorce decree ending her marriage with appellee Derrick Thedell Tanner.[1]  In two related issues on appeal, Valeria asserts that because Derrick committed adultery, the trial court abused its discretion by (1) granting the divorce on the ground of insupportability and (2) denying her a disproportionate share of the community estate.  We will affirm the decree.

## BACKGROUND

Valeria and Derrick married in 2014.  In 2022, Valeria filed for divorce, alleging as the grounds for divorce (1) insupportability and (2) adultery committed by Derrick.  In her requested property division, Valeria petitioned for a greater share of the community estate.  Derrick filed a counterpetition for divorce, alleging insupportability as the ground for divorce.

---

[1] Because the parties share a common surname, we refer to them using their first names.

Derrick sought an equal division of the community estate. The case proceeded to a bench trial at which Valeria and Derrick each testified.[2]

Valeria testified that she was retired from the military and currently living with her brother in Hutto, Texas. She had been making over $100,000 annually while serving in the military and was now making approximately $88,000 from her retirement and disability payments. Valeria explained that while she and Derrick were married, they mostly managed their individual finances separately and had separate bank accounts, "but when it came to paying the bills, [she] was the primary one paying." Valeria "paid everything out of [her] account upfront and waited to be reimbursed by" Derrick, who would reimburse her for "[h]is portion" of the bills, either with cash or through an online account transfer via Zelle. They also had a joint bank account for the purpose of paying their bills.

Valeria and Derrick, who was also retired from the military, had "both used half of [their] VA [home loan] to purchase the marital home." Derrick moved out in June 2021 but returned in September, following a brief reconciliation. During the reconciliation, Valeria and Derrick discussed moving to Florida, and they sold their marital home in October 2021 in anticipation of the move. Valeria and Derrick split the proceeds from the sale of the marital home equally. At Derrick's urging, Valeria sold a home that she had purchased prior to the marriage that she had been using during the marriage as rental property.[3] Derrick also sold a

---

[2] Most of the evidence presented at trial related to matters that are not at issue in this appeal, including the valuation of the parties' assets and debts and their characterization as separate or community property. We limit our summary of the evidence to what is relevant to this appeal. *See* Tex. R. App. P. 47.1.

[3] Valeria testified that she sold the rental property in October 2021, approximately four months before she filed for divorce. Valeria explained that the proceeds from the sale of the property were placed into a joint bank account but that at the time of trial, the proceeds "no

2

home that he owned.  Valeria testified that she was unable to move to Florida because she was "still going through [her] retirement," and the couple separated again.

When asked to describe her relationship with Derrick, Valeria testified, "We have been married eight years.  Through the course of the marriage we have had our ups and downs.  I don't disagree with that, we have gone to counseling."  Valeria testified that Derrick had affairs with at least two women during their marriage.  However, Valeria also acknowledged that caring for her family, specifically her mother and adult son from a previous relationship, was partly to blame for their marital difficulties.[4]  She testified:

> [A]s far as my family being the sole reason why we have issues is partly true.  But my mother is my dependent, legal dependent, so I'm entitled to responsibly take care of her financially.  My son is my dependent, I also have a legal right to take care of him.

---

longer exist."  The district court announced that because the "asset no longer exists," it was "not subject to my [property] division because it's not here anymore."

[4]  Valeria's acknowledgment of her family's contribution to their marital difficulties was made after the following opening argument by Derrick's counsel:

> You will hear from Mr. Tanner that his biggest issue, complaint was her family.  And that's one thing in counsel's opening statement that I do agree with, that her family was an issue.  That her mother and her son were very intrusive during this marriage.  They were constantly going in and out of their marital home.  That marital funds were being given to and gifted to her family members in spite of his objections.  He didn't have any say-so in his own home especially when it was with regards to spending time with his wife privately or having control over their financial future.  He had no say-so in his own home.

On cross-examination, Derrick questioned the extent to which Valeria's mother and son had been dependent on her. Valeria testified that her son was 27 years old and no longer living with her, and her mother had her own car and apartment.

In his testimony, Derrick admitted that he had a "relationship" with another woman while he was married to Valeria and that he was currently living with that woman. Derrick also did not dispute telling Valeria that she had to sell her rental property. Regarding bill payments, Derrick testified that Valeria had been responsible for paying the bills but that they "split the bills down the middle." He explained that every month, Valeria gave him a list of the bills, with each billed amount divided by two, and he reimbursed her for his half of the bill. Derrick also testified that Valeria used the money that he gave her for personal expenditures, including to pay her credit card bills, her son's tuition, and her car notes.

At the conclusion of trial, the trial court granted the divorce. In its divorce decree, the trial court dissolved the marriage on the ground of insupportability and divided the community estate equally. This appeal by Valeria followed.

**STANDARD OF REVIEW**

We review the trial court's rulings here for abuse of discretion. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Kazmi v. Kazmi*, 693 S.W.3d 556, 565-66 (Tex. App.—Austin 2023, pet. denied); *In re Marriage of C.A.S.*, 405 S.W.3d 373, 383 (Tex. App.—Dallas 2013, no pet.). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

4

Under this standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error but are relevant factors in determining whether the trial court abused its discretion. *See Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.); *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). "In determining whether the trial court abused its discretion, we consider whether the trial court had sufficient evidence upon which to exercise its discretion and, if so, whether it erred in the exercise of that discretion." *Coburn*, 433 S.W.3d at 823. "A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the court's decision." *Id.*

## DISCUSSION

Valeria raises two related issues on appeal. In her first issue, Valeria asserts that because Derrick committed adultery, the trial court abused its discretion in granting the divorce on the ground of insupportability. In her second issue, Valeria asserts that because Derrick committed adultery, the trial court abused its discretion in denying her a disproportionate share of the community estate.[5]

---

[5] We note that Valeria has inadequately briefed these issues. *See* Tex. R. App. P. 38.1(i). Nevertheless, we will address the merits of her appeal in the interest of justice. *See Bolanos v. Purple Goat, LLC*, 649 S.W.3d 753, 758-59 (Tex. App.—El Paso 2022, no pet.) (observing that appellate courts should "reach the merits of an appeal whenever reasonably possible," so long as court can "fairly ascertain the nature of [appellant's] claim[s]").

We also note that Derrick has failed to file a responsive brief, leaving Valeria's claims unchallenged on appeal. In such a case, an appellate court should neither "accept [appellant's] arguments at face value and summarily reverse," nor "abandon our role as an impartial jurist and become an advocate for [appellee] by advancing arguments in order to affirm." *Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 147 (Tex. App.—Amarillo 2008, pet. denied). Instead, we "should conduct an independent analysis of the merits of the appellant's claim of error, limited to the arguments raised by the appellant, to determine if there was error." *Id.*

We begin with the grounds for divorce. There are several statutory grounds on which a trial court may grant a divorce. One ground is insupportability, also known as a "no-fault" divorce. The statute provides, "On the petition of either party to a marriage, the court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation." Tex. Fam. Code § 6.001; *see Cusack v. Cusack*, 491 S.W.2d 714, 716-17 (Tex. App.—Corpus Christi-Edinburg 1973, writ dism'd) (discussing history and purpose of insupportability statute). Another ground is adultery: "The court may grant a divorce in favor of one spouse if the other spouse has committed adultery." Tex. Fam. Code § 6.003.

Both statutes are discretionary. *See* Tex. Gov't Code § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."). Accordingly, "[w]hen there is evidence of both insupportability and adultery, the trial court has discretion to grant the divorce on either ground." *In re Mozley*, No. 06-16-00004-CV, 2016 WL 4256926, at *3 (Tex. App.—Texarkana Aug. 12, 2016, no pet.) (mem. op.) (citing *In re S.B.H.*, No. 05-14-00585-CV, 2016 WL 462495, at *6 (Tex. App.—Dallas Feb. 5, 2016, no pet.) (mem. op.)). "In such cases, the trial court does not abuse its discretion by granting a divorce based solely on insupportability." *Id.*; *see S.B.H.*, 2016 WL 462495, at *7 (concluding that even though husband admitted to committing adultery, trial court did not abuse its discretion in granting divorce based on insupportability); *Applewhite v. Applewhite*, No. 02-12-00445-CV, 2014 WL 787828, at *1-2 (Tex. App.—Fort Worth Feb. 27, 2014, no pet.) (mem. op.) (concluding that even though husband's attorney stipulated that husband had two affairs during marriage, trial court did not abuse its discretion in granting divorce on ground of insupportability when wife "pleaded

6

insupportability as a ground for the divorce, and she does not challenge the sufficiency of the evidence to support the insupportability determination"); *Lisk v. Lisk*, No. 01-04-00105-CV, 2005 WL 1704768, at *5 (Tex. App.—Houston [1st Dist.] July 21, 2005, no pet.) (mem. op.) (concluding that even though there was "uncontested evidence of Husband's affair," trial court did not abuse its discretion in granting divorce on ground of insupportability when there was evidence of conflict between spouses and "both parties pleaded insupportability as grounds for divorce when this case was filed"); *see also Baker v. Baker*, 469 S.W.3d 269, 279–80 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (concluding that when record contained evidence of both insupportability and statutory ground of "cruel treatment," trial court did not abuse its discretion in granting divorce on ground of insupportability when there was evidence to support that ground).

In this case, there was some evidence of a substantive and probative character to support granting the divorce on the ground of insupportability. Even though Derrick admitted to committing adultery, Valeria admitted that her relationship with her mother and adult son were partly responsible for their marital issues. She also testified that "through the course of the marriage" they had "ups and downs," that they had already tried counseling, that they had wanted to relocate to Florida but had been unable to do so because of Valeria's pending retirement, and that their attempt to reconcile had failed, all resulting in not one but two separations. The record further reflects that both parties pleaded insupportability as a ground for divorce. On this record, we cannot conclude that the trial court abused its discretion in granting

the divorce on the ground of insupportability.[6]  *See Mozley*, 2016 WL 4256926, at *2-3; *Applewhite*, 2014 WL 787828, at *1-2; *Lisk*, 2005 WL 1704768, at *5.

Turning to the division of the marital estate, the trial court is authorized to "order a division of the estate of the parties in a manner that the court deems just and right," Tex. Fam. Code § 7.001, and the trial court has "wide discretion" in that regard, *Murff*, 615 S.W.2d at 698. "Every reasonable presumption should be resolved in favor of the proper exercise of discretion by the trial court in dividing the property of the parties." *Zieba v. Martin*, 928 S.W.2d 782, 791 (Tex. App.—Houston [14th Dist.] 1996, no writ). "We presume on appeal that the trial court correctly exercised its discretion when dividing property in a divorce proceeding, and the appellant bears the burden to show from the record that the division was so disproportionate, and thus unfair, that it constitutes an abuse of discretion." *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.) (O'Carolan II); *see Murff*, 615 S.W.2d at 700 ("Wide latitude and discretion rests in these trial courts and that discretion should only be disturbed in the case of clear abuse."); *see also O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.) (O'Carolan I) ("To constitute an abuse of discretion, the property division must be manifestly unfair.").

Valeria has failed to carry her burden to show from the record that the division of the marital estate was "so disproportionate, and thus unfair, that it constituted an abuse of discretion." Her only argument for why the trial court abused its discretion in dividing the estate equally is that Derrick committed adultery. However, a trial court is not required to award one

---

[6] We also note that the trial was intensely acrimonious, with the parties accusing each other throughout the proceedings of discovery violations and dishonesty. At the conclusion of the hearing, the trial court remarked, "That has been a difficult case, one that will stay in my memory."

spouse a disproportionate share of the estate simply because the other spouse committed adultery. *See, e.g.*, *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987) (rejecting wife's contention that she was entitled to greater share of community estate because husband committed adultery and earned higher income than her); *Maher v. Maher*, No. 01-14-00106-CV, 2016 WL 4536283, at *14 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.) (mem. op.) (concluding that trial court was not obligated to award husband disproportionate share of marital estate because of wife's purported affair); *Logsdon v. Logsdon*, No. 02-14-00045-CV, 2015 WL 7690034, at *8–9 (Tex. App.–Fort Worth Nov. 25, 2015, no pet.) (mem. op.) ("[N]o requirement exists that [adultery] result in a disproportionate property division in favor of Wife."); *Lisk*, 2005 WL 1704768, at *6 ("[T]he trial court was not obligated to award Wife a more disproportionate share of the estate on account of Husband having an affair and a larger income than Wife.") *see also Murff*, 615 S.W.2d at 699 (listing numerous other factors courts should consider when dividing marital estate); *Rafferty v. Finstad*, 903 S.W.2d 374, 377 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("It is not an abuse of discretion for a trial court to make an equal division of the property, even where the equities balance in favor of the wife.").

Here, there was some evidence of a substantive and probative character that supported the trial court's equal division of the community estate. Even though Valeria paid the marital bills, Derrick reimbursed Valeria for his half of the bills. Additionally, Valeria and Derrick "both used half of [their] VA [home loan] to purchase the marital home" and split equally the proceeds from the sale of that home. Based on this evidence, we cannot conclude that the trial court's equal division of the community estate was "manifestly unfair" to Valeria.

We overrule Valeria's first and second issues.

9

**CONCLUSION**

We affirm the trial court's divorce decree.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Crump

Affirmed

Filed: April 11, 2025